UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEPHEN L. BINDER, an individual,<br><br>                  Plaintiff,<br><br>  v.<br><br>ORIGINAL BUFF, S.A., a Spanish corporation and BUFF, INC., a California corporation,<br><br>                  Defendants. | CASE NO.<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT OF VALIDITY OF REGISTERED TRADEMARK, CANCELLATION OF REGISTERED TRADEMARKS, TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, UNFAIR COMPETITION AND EQUITABLE RELIEF** |

Plaintiff alleges:

## PARTIES

1. Plaintiff, Stephen L. Binder (Binder), is an individual whose residence and voting address are located in Bellevue, King County, Washington.

2. Defendant, Original Buff, S.A. (Original Buff), is a corporation organized under the laws of Spain, located at C/Franca, 16 08700 Igualada, Barcelona, Spain.

3. Defendant, Buff, Inc. is a subsidiary of Original Buff, S.A., with a principal place of business at 195 Concourse Blvd., Suite B., Santa Rosa, California 95403.

COMPLAINT
Page 1 of 7

STRATTON LAW & MEDIATION P.S.
18826 ROBINWOOD ROAD SW, SUITE 201
VASHON ISLAND, WA 98070
TEL: (206) 408-7368 • FAX: (206) 260-3816

## JURISDICTION AND VENUE

4. Original Buff and Buff, Inc. are subject to the jurisdiction of this Court. This Court's jurisdiction arises from the fact that: (i) this is an action brought under the Trademark Laws of the United States, 15 U.S.C. §§ 1051-1127, jurisdiction being conferred by 15 U.S.C. § 1121 and 28 U.S.C. § 1331.

5. Venue is proper in this Court under 28 U.S.C. § 1391(b) in that a substantial part of the events or omissions giving rise to the claims occurred in this District and Defendants are distributing and selling branded goods in this District.

6. An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202 exists between Plaintiff, on the one hand, and Defendants on the other, with respect to whether Plaintiff's trademark is a valid and subsisting trademark in use in commerce.

## FACTS

7. Binder is the registrant and owner of record for U.S. Trademark Registration No. 2,021,229 for the trademark BUFF® registered on December 3, 1996 with a first use in commerce on July 4 1995 and with declarations under Sections 8 and 15 of the Trademark Act being filed March 28, 2002. U.S. Trademark Registration No. 2,021,229 is valid and incontestable. U.S. Trademark Registration No. 2,021,229 was duly renewed on November 21, 2006.

8. Binder has continually used the mark BUFF® in commerce and in commerce governed by the Congress since as early as 1995 and the mark is presently being used on goods.

9. U.S. Trademark Registration No. 2,021,229 is valid and enforceable and has not been abandoned.

COMPLAINT
Page 2 of 7

STRATTON LAW & MEDIATION P.S.
18826 ROBINWOOD ROAD SW, SUITE 201
VASHON ISLAND, WA 98070
TEL: (206) 408-7368 • FAX: (206) 260-3816

10. Defendant, Original Buff S.A., commenced a cancellation proceeding against U.S. Trademark Registration No. 2,021,229 on September 5, 2012 before the U.S. Trademark Trial and Appeal Board (TTAB), Cancellation Proceeding No. 92056113, which proceeding is currently pending.

11. Original Buff S.A. directly, and through its subsidiary Buff, Inc., is doing business throughout the United States and in the state of Washington and this District selling "BUFF" branded products.

## FIRST CLAIM FOR RELIEF
### (Declaratory Judgment)

12. Plaintiff owns the valid and subsisting trademark BUFF®, U.S. Trademark Registration No. 2,021,229.

13. Defendant, Original Buff S.A. has filed a cancellation proceeding against Plaintiff's mark asserting that the mark has been abandoned. An actual case or controversy exists between the parties.

14. Plaintiff is entitled to and therefore respectfully requests this Court to declare that Plaintiff's BUFF® mark, and the registration thereto, is valid and subsisting under the Trademark Act, 15 U.S.C. § 1501 *et. seq*.

## SECOND CLAIM FOR RELIEF
### (Cancellation of Original Buff Trademarks)

15. Plaintiff believes that he is and will be damaged by Defendants' registration of Original Buff trademarks as the owner thereof has misused the marks in commerce in such manner as to cause confusion, mistake or deceit as to the source of BUFF branded products; and, in particular, Defendants have sought to use "BUFF" not as registered, but standing alone and with the designation that the same is a registered trademark, all of which is untrue, false

COMPLAINT
Page 3 of 7

STRATTON LAW & MEDIATION P.S.
18826 ROBINWOOD ROAD SW, SUITE 201
VASHON ISLAND, WA 98070
TEL: (206) 408-7368 • FAX: (206) 260-3816

and misleading of consumers.

16. Plaintiff is entitled to and therefore demands that the Court cancel the Original Buff S.A. trademarks - U.S. Trademark Registration Nos. 4,071,152, 3,976,340, and 2,197,157 under 15 U.S.C. § 1064.

### THIRD CLAIM FOR RELIEF
### (Infringement of Registered Trademark)

17. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 16 above.

18. The registration for Plaintiff's trademark for BUFF® is presumed valid because of its registration on the Principal Register of the USPTO under Section 2 of the Trademark Act, 15 U.S.C. § 1052.

19. Defendants' unauthorized use of the BUFF mark is likely to cause confusion because the relevant consuming public is likely to believe that Defendants' goods emanate from, are sponsored by, or are authorized by Plaintiff.

20. On information and belief, Defendants had knowledge of Plaintiff's prior use and registration of Plaintiff's trademark, but, nevertheless, used and continue to use Plaintiff's trademark without authorization and in disregard of Plaintiff's rights.

21. On information and belief, Defendants' infringement of Plaintiff's trademark was and is willful with the intent of trading on Plaintiff's goodwill and reputation.

22. Defendants' infringement of Plaintiff's trademark has irreparably damaged Plaintiff's valuable goodwill and has adversely affected his ability to engage in business in commerce selling goods bearing the BUFF® trademark and, unless enjoined, will continue to adversely affect Plaintiff's business conducted in connection with his trademark.

23. On information and belief, Defendants have profited from the unauthorized use of

COMPLAINT
Page 4 of 7

STRATTON LAW & MEDIATION P.S.
18826 ROBINWOOD ROAD SW, SUITE 201
VASHON ISLAND, WA  98070
TEL:  (206) 408-7368 • FAX:  (206) 260-3816

Plaintiff's trademark.

24.   Plaintiff has suffered the loss of sales, license fees, and profits that Plaintiff would have made but for Defendants' acts.

25.   The above-described acts of Defendants constitute trademark infringement in violation of 15 U.S.C. § 1114(1)(a).  Defendants' actions are willful.  Plaintiff is entitled to and therefore demands damages under 15 U.S.C. § 1117 together with his costs and attorney's fees.

### FOURTH CLAIM FOR RELIEF
### (False Designation of Origin)

26.   Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 25 above.

27.   Defendants' use of Plaintiff's trademark constitutes false designation of origin in violation of 15 U.S.C. § 1125(a).  Defendants have used Plaintiff's trademark in a way that is likely to cause confusion, mistake and deception among the public and trade, all of whom will be led to erroneously believe that Defendants' goods are produced, provided by, approved of, or otherwise affiliated or associated with Plaintiff.

28.   On information and belief, in selecting and continuing to use Plaintiff's trademark in connection with its goods, Defendants intend to misrepresent the origin of the goods and services and to trade on Plaintiff's goodwill and reputation.

29.   Plaintiff has no adequate remedy of law.  By misappropriating Plaintiff's trademark, Defendants have irreparably injured and are likely to continue to irreparably injure Plaintiff's business reputation, and Plaintiff is entitled to and therefore requests that a permanent injunction be entered under 15 U.S.C. § 1116.  Plaintiff is entitled to and further demands that all infringing goods and articles be destroyed as permitted by 15 U.S.C. § 1118.

COMPLAINT
Page 5 of 7

STRATTON LAW & MEDIATION P.S.
18826 ROBINWOOD ROAD SW, SUITE 201
VASHON ISLAND, WA  98070
TEL:  (206) 408-7368 • FAX:  (206) 260-3816

**FIFTH CLAIM FOR RELIEF**
**(Unfair Competition RCW 19.86.010 *et seq*.)**

30. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 29 above.

31. This claim arises under the Washington Consumer Protection Act, RCW 19.86.010 *et seq*. and the common law.

32. The acts of Defendants as alleged herein constitute unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce under RCW 19.86.020 in respect to selling, offering to sell and marketing goods under the BUFF mark. Defendants' violations of the Consumer Protection Act are harmful to the public interest. Defendants' misuse of the BUFF trademark have and have had the capacity to harm other persons.

33. As a result of the foregoing violations of the Consumer Protection Act, Plaintiff has suffered severe and irreparable injury and damages, as well as costs and attorney's fees.

34. This Court should award Plaintiff injunctive relief as well as an award of damages as determined at trial, which should be trebled in the discretion of the Court, along with costs of suit and Plaintiff's attorney's fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays:

A. For a declaratory judgment that U.S. Trademark Registration No. 2,021,229 is not abandoned and is a valid and subsisting trademark in use in commerce;

B. For an Order cancelling U.S. Trademark Registration Nos. 4,071,152, 3,976,340, and 2,197,157 under 15 U.S.C. § 1064;

C. For an award of damages pursuant to 15 U.S.C. § 1117;

COMPLAINT
Page 6 of 7

STRATTON LAW & MEDIATION P.S.
18826 ROBINWOOD ROAD SW, SUITE 201
VASHON ISLAND, WA 98070
TEL: (206) 408-7368 • FAX: (206) 260-3816

D. For injunctive relief pursuant to 15 U.S.C. § 1116;

E. For an Order directing destruction of all infringing goods pursuant to 15 U.S.C. 1118;

F. For damages pursuant to R.C.W. 19.86.020, including enhanced damages as provided therein;

G. For an award of attorney's fees and costs of suit pursuant to 15 U.S.C. § 1117 and R.C.W. 19.86.090; and

H. For such other relief as the Court deems just and equitable.

DATED this 1st day of March, 2013.

By: /s/ *Rex B. Stratton*
Rex B. Stratton, WSBA No. 1913
STRATTON LAW & MEDIATION P.S.
18826 Robinwood Road SW
P.O. Box 636, Vashon, WA  98070
Telephone: 206-408-7368
Facsimile: 206-260-3816
Email: rexstratton@rbs-law.com
Attorneys for Plaintiff

COMPLAINT
Page 7 of 7

**STRATTON LAW & MEDIATION P.S.**
18826 ROBINWOOD ROAD SW, SUITE 201
VASHON ISLAND, WA  98070
TEL: (206) 408-7368 • FAX: (206) 260-3816